UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAM VAH,<br><br>                    Petitioner,<br><br>v.<br><br>JEREMY BEAN, et al.,<br><br>                    Respondents. | Case No. 2:24-cv-01768-GMN-DJA<br><br>**ORDER GRANTING<br>MOTION FOR APPOINTMENT<br>OF COUNSEL** |

On September 20, 2024, this Court conducted an initial review of *pro se* Petitioner Sam Vah's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), directed that the Petition be served on Respondents, and ordered Respondents to file a response. (ECF No. 3.) On October 8, 2024, Vah filed a Motion for Appointment of Counsel. (ECF No. 6.)

**I.    Discussion**

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).  An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is generally discretionary. *Id*. (authorizing appointed counsel when "the interests of justice so require").  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the Motion for Appointment of Counsel, this Court provisionally appoints the Federal Public Defender to represent Vah. This Court finds that the appointment of counsel is in the interests of justice given, among other things, Vah's life sentence.

## II.    Conclusion

It is therefore Ordered that the Motion for Appointment of Counsel (ECF No. 6) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Vah by filing a notice of appearance or (2) indicate the office's inability to represent Vah in these proceedings. If the Federal Public Defender is unable to represent Vah, this Court will appoint alternate counsel. Appointed counsel will represent Vah in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.[1]

It is further Ordered that the Clerk of the Court (1) electronically provide the Federal Public Defender a copy of this Order and the Petition (ECF No. 4), and (2) send a copy of this Order to Vah and the CJA Coordinator for this division.

It is further Ordered that Respondents' deadline for filing a response to the Petition is vacated until further Order of this Court.

Dated: October 16, 2024

Gloria M. Navarro, Judge
United States District Court

---

[1] Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Vah remains responsible for calculating the running of the federal limitation period and timely presenting claims. This Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).