UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAM VAH, | Case No. 2:24-cv-01768-GMN-DJA |
| Petitioner, | **ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND-AMENDED PETITION** |
| v. | |
| JEREMY BEAN, et al., | **[ECF No. 15]** |
| Respondents. | |

The Court previously appointed counsel for Petitioner Sam Vah in this habeas corpus action. (ECF Nos. 7, 12.)  On November 19, 2024, Vah filed a First-Amended Petition and a Motion for Leave to File a Second-Amended Petition. (ECF Nos. 13, 15 ("Motion").) Respondents filed a response to the Motion, explaining that they do not oppose the Motion but requesting that this Court issue a new scheduling Order. (ECF No. 16.)

In his Motion, Vah states that he filed his First-Amended Petition as a protective petition to ensure that all his claims would be preserved as timely filed. (ECF No. 15 at 2.)  Vah requests leave to file a Second-Amended Petition so that he has a reasonable opportunity to prepare an amended petition that fully reflects counsel's considered judgment. (*Id.* at 3.)  Vah further requests that the Court waive the requirement of LR 15-1(a), which generally requires a party to attach the proposed amended pleading to a motion seeking leave of court to amend, explaining that the rule is ill-suited for this situation. (*Id.*)

Local Rule 15-1(a) states that a proposed amended pleading must be submitted with the motion for leave to amend unless otherwise permitted by the Court.  When the Court appoints

counsel to represent habeas corpus petitioners, as a matter of course, it gives counsel leave to file an amended petition. The only difference here is that counsel is trying to file a petition before the one-year deadline to minimize the probability that grounds for relief would not relate back to a timely petition. The Court sees no reason to depart from its usual practice in habeas corpus cases of allowing amended petitions under these circumstances. Moreover, under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the Court's leave, and "[t]he court should freely give leave when justice so requires."

The Court finds that good cause exists for Vah to file a Second-Amended Petition, so the Court grants the Motion and waives the requirement of LR 15-1(a). This Order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and the Court does not mean in this Order to convey any opinion whatsoever about when the limitations period expires (or expired). This Court does not find that a new Scheduling Order is needed.

It is therefore Ordered that the Motion (ECF No. 15) is granted. Vah has up to and including February 7, 2025, to file a Second-Amended Petition. In all other respects, the Scheduling Order (ECF No. 12) remains in effect.

Dated:  December 2, 2024

_____
Gloria M. Navarro, Judge
United States District Court