**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAM VAH,<br>Petitioner,<br>v.<br>JEREMY BEAN, et al.,<br>Respondents. | Case No. 2:24-cv-01768-GMN-DJA<br>**ORDER** |

This habeas matter is before the Court on Respondents' Motion to Dismiss Grounds 6 and 11 to 14 of Petitioner Sam Vah's counseled Second Amended Petition for a Writ of Habeas Corpus (Motion). ECF No. 43. Respondents' Motion includes a request to strike new evidence relied upon for Grounds 11 to 14 or alternatively dismiss Grounds 11 to 14 for lack of a factual basis for those claims. *Id.* Vah filed a Response, and Respondents filed a Reply. ECF Nos. 53; 54. For the reasons explained below, the Motion is granted in part and denied in part.

## I. Background

The Nevada Court of Appeals summarized the facts underlying a 2017 jury verdict convicting Vah of sexual assault and failure to appear in court for his first trial:

> Vah lived in Las Vegas with his roommate, Samuel Sewe. Sewe was in a long distance romantic relationship with E., and in 2012, she and her friend Kristin Hallsdorsdottir came to Las Vegas for a vacation. During the women's visit to Las Vegas, they stayed at Vah's and Sewe's apartment and went out drinking together on several nights.
>
> On the night of the incident, the group went to the Ghost Bar. When the group returned to the apartment in the early morning hours, Sewe and Hallsdorsdottir left to get some food while Vah and E. remained at the apartment. E. alleged that during the approximate 20 minutes that Sewe and Hallsdorsdottir were gone, she was "blacked out" asleep and awoke to find a man on top of her performing sexual intercourse with her. E. did not realize it was Vah at first and thought it was Sewe. E. told him to stop, and then when the act continued, she realized it was not Sewe, but Vah, and she pushed him off her. When Sewe and

> Hallsdorsdottir returned to the apartment, E. told Sewe that she awoke to find Vah having sex with her. E. told Hallsdorsdottir that Vah was trying to have sex with her. Sewe then called the police.
>
> The State charged Vah with sexual assault. He failed to appear on the second day of the trial and the jury was excused. Vah was additionally charged with failure to appear and the two charges were consolidated for a second trial.
>
> The jury found Vah guilty on both charges at the second trial.

*Vah v. State*, 135 Nev. 731, 2019 WL 3379721, at *1 (unpublished) (Nev. App. 2019); ECF Nos. 14-5 at 2–3; 14-9 at 2–3; 35-23 at 2. In 2018, Vah was sentenced to, among other things, ten-years-to-life imprisonment. ECF No. 14-5 at 3.

On appeal, the Nevada Court of Appeals affirmed the judgment. *Vah*, 135 Nev. 731 at *5; ECF No. 14-9. Vah filed an initial state post-conviction petition, counsel was appointed, the Nevada Court of Appeals affirmed the denial of the petition, and a remittitur was filed on July 8, 2024. *Vah v. State*, 548 P.3d 1244, 2024 WL 2809513, at *6 (unpublished) (Nev. App. 2024); ECF Nos. 14-12; 14-13; 14-16; 14-18; 14-24; 14-25; 36-59 at 3.

On September 20, 2024, Vah filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 4. The Court appointed counsel to represent Vah and Vah's counsel filed a First Amended Petition. ECF Nos. 12; 13. The Court subsequently granted Vah leave to file the operative Second Amended Petition. ECF Nos. 17; 32.

## II. Motion to Dismiss

### A. Cognizability

#### 1. Ground 6 is cognizable.

Ground 6 alleges Vah was prejudiced by the effect of cumulative trial errors raised in his state direct appeal. ECF No. 32 at 42. Respondents move to dismiss Ground 6 arguing cumulative error is not a cognizable claim under the Federal Constitution. ECF No. 43 at 12–13.

This Court follows the holding of the Ninth Circuit Court of Appeals, that "[t]he Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (footnote omitted) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973)). The Motion to Dismiss Ground 6 as not cognizable is denied.

**2. Ground 14 is not cognizable.**

Ground 14 alleges Vah is actually innocent of the crimes of conviction and that holding him for this crime denies him his right to due process under the Fifth and Fourteenth Amendments. ECF No. 32 at 63–64. Respondents contend that Ground 14 is a freestanding claim of actual innocence that is not a cognizable claim under the Federal Constitution. ECF No. 43 at 12–13. The Supreme Court has held a claim of actual innocence may overcome certain procedural defaults but has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392–93 (2013). Ground 14 is dismissed as not cognizable.

**B. Exhaustion**

Respondents and Vah agree that Grounds 11 to 13 are unexhausted because they were not fairly presented to the Nevada courts to the extent the allegations in Ground 11 to 13 rely upon new evidence that was never presented to the state courts. ECF Nos. 43 at 7–9; 53 at 7. The new evidence consists of the analysis and opinions of experts contained in: (1) a July 29, 2025 Forensic Case Review Report of Mr. Derek Cutler, Laboratory Director for Resolve Forensics concerning DNA evidence (ECF Nos. 33-10 to 33-11); and (2) a September 30, 2025 report of Dr. Richard A. Leo, Ph.D., J.D., of Justice Research & Consulting, Inc., concerning police interrogations, false statements, admissions, and confessions (ECF Nos. 33-12 to 33-13). Vah

alleges this Court may excuse his failure to exhaust Grounds 11 to 13 because his new evidence establishes his actual innocence and that applying the exhaustion requirement would result in a fundamental miscarriage of justice. ECF No. 53 at 2, 5–7, 9, 11.

A federal habeas court may not grant a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding, "[a] district court must dismiss habeas petitions containing both unexhausted and exhausted claims.") (footnote omitted). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." *McQuiggin*, 569 U.S. at 386. While it is true that a convincing showing of actual innocence can provide a basis to excuse untimely and procedurally defaulted federal habeas claims, it may not excuse the failure to exhaust those claims. *See Rose*, 455 U.S. at 510 (holding a district court must dismiss "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court). *See also*, *e.g.*, *Woodruff v. Crockett*, No. 16-16845-H, 2017 WL 11680250, at *2 (11th Cir. Sept. 19, 2017) ("A claim of actual innocence excuses procedural default, not failure to exhaust.") (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (holding that, in an extraordinary case, where a constitutional violation likely resulted in the conviction of one who is actually innocent, a federal court may grant the writ, even in the absence of showing cause for procedural default)); *Piper v. Neven*, No. 206-CV-01221-RCJ-GWF, 2009 WL 874246, at *2 (D. Nev. Mar. 26, 2009) ("A claim of actual innocence does not exempt a habeas petitioner from the exhaustion requirement."). Where a petitioner's claims are unexhausted, and the petitioner is "procedurally barred" from exhausting his state court remedies, his claims "are

considered procedurally defaulted for purposes of federal habeas review," and he will have met "the technical requirements for exhaustion." *Smith v. Baldwin*, 510 F.3d 1127, 1137–38 (9th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 733 (1991)).

Vah does not concede the claims in Grounds 11 to 13 are technically exhausted by procedural default; instead, he argues that a return to State court is viable through the pathway of innocence. ECF No. 53 at 2. Nevada's procedural bars can be excused by a showing of cause and prejudice or a fundamental miscarriage of justice (i.e., actual innocence), which are substantially the same as the federal standards. *E.g.*, *Mitchell v. State*, 122 Nev. 1269, 1273 (2006) ("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'") (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Vah has not unequivocally stipulated that his unexhausted claims are procedurally defaulted because they would be denied on state procedural grounds if he returned to state court to present the claims; instead, he claims he can overcome the state procedural bars by claiming actual innocence. Vah has presented no authority—and this Court is aware of none—holding the actual innocence gateway under the miscarriage of justice exception for untimely and procedurally defaulted federal habeas claims can excuse the failure to exhaust a claim that may still be presented in state court. Accordingly, the Court concludes that Grounds 11 to 13 are unexhausted and will direct Vah to follow the choice procedures required by *Rose*, 455 U.S. 509.[1]

[1] The Court need not consider whether Grounds 11 to 13 are timely as the parties agree Grounds 11 to 13 are unexhausted. ECF Nos. 43 at 7–9; 53 at 7. The Court therefore denies the motion to

**III. Request to strike new evidence or dismiss Grounds 11 to 13**

Respondents request the Court strike Vah's new evidence for Grounds 11 to 13, i.e., the reports of Mr. Cutler (ECF Nos. 33-10 to 33-11) and Dr. Leo (ECF Nos. 33-12 to 33-13). ECF Nos. 43 at 10–11; 54 at 4–5. Respondents argue that under 28 U.S.C. § 2254(e)(2), the Court should strike that new evidence or dismiss Grounds 11 to 13 for lack of evidence to support the factual allegations. ECF No. 43 at 10–12. Vah concedes the reports of Cutler and Leo were not presented to the state courts but argues it is premature to decide whether the Court may consider them. ECF No. 53 at 9–11. Vah also argues he can overcome his failure to develop the state court record for Ground 11 to 13 under the actual innocence gateway. ECF No. 54 at 5–6.

This Court need not decide whether it may consider Vah's new evidence for the claims raised in Grounds 11 to 13 because those grounds are presently unexhausted, and Vah has not conceded they are technically exhausted by procedural default. Accordingly, the request to strike the new evidence or dismiss Grounds 11 to 13 is denied without prejudice to Respondents later reasserting the request in a motion in this action.

**IV. Mixed Petition**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *See Rose*, 455 U.S. at 510. A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Vah's Second Amended Petition contains exhausted and unexhausted claims, Vah has three options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

---

dismiss Grounds 11 to 13 as untimely without prejudice to Respondents later reasserting the defense.

> 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

For the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Supreme Court in *Rhines* stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

544 U.S. at 277.

If Vah wishes to ask for a stay, he must file a motion for stay and abeyance demonstrating good cause for his failure to exhaust his unexhausted claims in state court and present argument regarding the question of whether his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Vah to reply. Vah may alternatively file a declaration voluntarily abandoning his unexhausted claims, as described above. Vah's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in dismissal of his Second Amended Petition. Vah is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his Second Amended Petition.

**V. Conclusion**

It is therefore Ordered that Respondents' Motion to Dismiss [ECF No. 43] is granted in part and denied in part as follows: (1) the motion to dismiss Ground 6 is denied; (2) the motion to dismiss Ground 14 is granted; (3) Grounds 11 to 13 are deemed unexhausted; (4) the motion to dismiss Grounds 11 to 13 as untimely is denied without prejudice to Respondents later reasserting that defense; and (5) the request to strike new evidence or alternatively dismiss Grounds 11 to 13 is denied without prejudice to Respondents later reasserting the Court may not consider new evidence that was not developed during the state court proceeding as set forth in 28 U.S.C. § 2254(e)(2).

It is further Ordered that Vah has until August 19, 2026, to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted Grounds 11 to 13 for relief in his Second Amended Petition and proceed on the remaining grounds; OR (2) inform this Court in a sworn declaration that he wishes to dismiss the Second Amended Petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds.

It is further Ordered that if Vah chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

It is further Ordered that Vah's failure to timely comply with this Order will result in the dismissal of Vah's mixed Second Amended Petition without further advanced notice.

Dated: July 17, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE